UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GERALD L. POLZIN,

    Petitioner,

v.                                       Case No. 11-C-0714

MICHAEL BAENEN,

    Respondent.

**ORDER**

On July 15, 2011, Gerald L. Polzin filed this petition pro se pursuant to 28 U.S.C. § 2254, asserting that his state court conviction and sentence were imposed in violation of the Constitution. Petitioner was convicted in Outagamie County Court on August 15, 2005 on four counts of second degree sexual assault of a child and one count of child sexploitation, and was sentenced to thirty years of incarceration with fifteen years of extended supervision. He is currently incarcerated at the Green Bay Correctional Institution.

I must give the case prompt initial consideration pursuant to Rule 4 of the Rules Governing § 2254 Cases, which reads:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4, Rules Governing § 2254 Cases. During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Polzin also filed with his petition an application for leave to proceed *in forma pauperis*. Under Rule 3 of the Rules Governing § 2254 Cases, the petitioner is required to file an affidavit of indigence as required by § 1915. He has done so, and I am satisfied that he lacks sufficient funds to proceed here. Accordingly, his request to proceed without prepayment of costs will be granted.

Polzin presents eleven grounds in support of his petition, which I summarize here. He alleges a violation of his First Amendment right to free speech. Next, Polzin argues his imprisonment violates his Eighth Amendment right to be free of cruel and unusual punishment. Third, Polzin asserts his incarceration violates his Fourteenth Amendment right to equal protection. Fourth, Polzin cites "Fifth and Fourteenth Amendment violations and Outrageous Government conduct doctrine." (Pet. at 9.) As a fifth ground for relief Polzin raises Fifth and Fourteenth Amendment violations of substantive due process. Sixth, Polzin states "Fifth and Fourteenth Amendment violations – Not understating the additional constitutional rights giving up that were not in the plea agreement and not understanding the plea agreement." (Pet. at 9b.) Seventh, Polzin asserts he received ineffective assistance of counsel in violation of the Sixth Amendment. Eighth, Polzin maintains he received ineffective assistance of appellate counsel in violation of the Sixth Amendment. The ninth ground for alleged relief is Polzin's contention that he was denied a complete transcript of the sentencing proceeding. Tenth, he asserts a violation of his Sixth Amendment right to the "assistance of counsel during his direct appeal" and his Fourteenth Amendment rights to "due process and equal protection." (Pet. at 9d.) Finally, Polzin claims his Fourteenth Amendment rights were violated because the sentencing judge either was biased or appeared biased.

Polzin appealed his 2005 conviction and the Wisconsin Court of Appeals affirmed the conviction on October 30, 2007. He sought further review and the Supreme Court of Wisconsin denied his petition for review on January 22, 2008. Following the denial of petition for review, Polzin filed a post-conviction motion in state court in December 2008 pursuant to Wis. Stat. § 974.06. This motion was denied in circuit court. Polzin further appealed and the Wisconsin Court of Appeals affirmed the denial on November 18, 2010. The Supreme Court of Wisconsin denied Polzin's petition for review on April 12, 2011. Polzin filed a pro se motion for post-conviction relief raising the issues he now asserts before the court on July 15, 2011.

**1) First Ground for Relief – Free Speech**

Polzin alleges the special prosecutor failed to investigate his reports of childhood sexual abuse so that the prosecutor could "lie about" the investigation and "intimidate, degrade and humiliate Polzin" in an attempt to keep him from reporting his victimization to the Judge at sentencing. But a violation of the right to free speech is simply not a proper ground for habeas relief. *See Santa Clara Pueblo v. Martinez,* 436 U.S. 49, 75 N. 3 (1978) (noting "habeas corpus relief is unlikely to be available to redress violations of freedom of speech"). Polzin's assumptions about why the prosecutor acted (or failed to act) and the tenuous relationship of such assumptions to freedom of speech will not support his petition for habeas relief. The writ of habeas corpus is designed to protect individuals against erosion of their right to be free from wrongful restraints upon their liberty. 28 U.S.C.A. § 2241(c)(3). Polzin's right to free speech, or the purported violation thereof, simply cannot be said to have led to his wrongful conviction or incarceration.

3

**2) Second Ground for Relief – Cruel & Unusual Punishment**

Even accepting the truth of Petitioner's assertion that the special prosecutor "badgered, intimidated, humiliated and degraded Polzin about his childhood abuse in front of the court, public and media causing him psychological pain" during sentencing proceedings (Pet. at 7), such actions do not rise to the level of cruel and unusual punishment. The notion that a prosecutor's sentencing argument may have been upsetting is wholly insufficient to support a petition for habeas relief under the Eighth Amendment, which applies *after* sentencing. *See Lewis v. Downey,* 581 F.3d 467, 474 (7th Cir. 2009). Actions taken prior to sentencing or at sentencing are not within the purview of the Constitution's prohibition on cruel and unusual punishment. Moreover, the suggestion that Polzin was somehow embarrassed by what the special prosecutor said starkly contrasts with the fact that Polzin had *already* pleaded guilty to multiple humiliating charges: four counts of second degree sexual assault of a child and one count of child exploitation.

**3) Third Ground for Relief – Equal Protection Violation**

Petitioner asserts he was not "treated like other victims similarly situated" because the State did not investigate his claim that he was sexually abused as a child. (Pet. at 8.) But Petitioner's argument does not support the habeas relief he seeks because the State's failure to investigate whether Petitioner was abused as a child does *not* equate to a showing that Petitioner's incarceration was in any way unconstitutional. Indeed, Petitioner pled guilty to serious felonies and would have been incarcerated regardless of whether he was abused as a child or not. Regarding the length of Petitioner's sentence, Petitioner's own submissions to this Court demonstrate that the Wisconsin Court of Appeals concluded that the sentencing judge considered it more likely than

4

not that Petitioner *was* abused as a child — and treated this as a potentially mitigating factor. Thus any failure to investigate cannot be said to have *enhanced* Petitioner's sentence.

**4) Fourth Ground for Relief – "Outrageous Government Conduct"**

Petitioner contends that Government violated "several of" his constitutional rights "in attempt to conceal Polzin's childhood abuse from the court" and to "intimidate, humiliate and degrade Polzin in front of the court, public and media." I am not persuaded by this contention. Again, rather than suffering retaliation for disclosing claims of childhood abuse, Polzin's claimed victimization was considered to be a mitigating factor at sentencing. Consequently this could not plausibly be construed to rise anywhere near the level of outrageous government conduct. *See also U.S. v. Boyd*, 55 F.3d 239, 241 (holding the doctrine of outrageous government conduct "does not exist in this circuit" and that the "gravity of the prosecutors' misconduct is relevant only insofar as it may shed light on the materiality of the infringement of the defendants' rights; it may support, but it can never compel, an inference that the prosecutors resorted to improper tactics because they were justifiably fearful that without such tactics the defendants might be acquitted.") (7th Cir. 1995).

**5) Fifth Ground for Relief – Substantive Due Process**

Petitioner claims the Government's actions were so "deliberate[ly] calculated" to "intimidate, humiliate and degrade Polzin" as to "shock[] the conscience." (Pet. at 9b.) I construe this claim to be tantamount to an assertion of a *Brady* violation. In other words, Petitioner asserts the prosecutor had potentially exculpatory evidence in the form of circumstantial evidence of the

5

investigation into Petitioner's childhood abuse and concealed that information from the court. Although the claim is confused and underdeveloped in the petition, I cannot determine conclusively that it lacks any merit. Petitioner will be allowed to go forth on this claim.

**6) Sixth Ground for Relief – Not Understanding the Plea Agreement**

Petitioner pled guilty but now claims that he did not understand the plea agreement. Specifically he asserts that his pleas were not "knowing and intelligent as to the consequences of [the] agreement." (Pet. at 9b.)

A guilty plea must be voluntary and intelligent. To enter a voluntary and intelligent plea, a defendant must have full awareness of the plea's "direct consequences," *Brady v. United States*, 397 U.S. 742, 755 (1970), "real notice of the true nature of the charge against him," *Henderson v. Morgan*, 426 U.S. 637, 645 (1976), and understand "the law in relation to the facts," *McCarthy v. United States*, 394 U.S. 459, 466 (1969). Whether a plea was entered knowingly and voluntarily is determined from "all of the relevant circumstances surrounding it." *Brady*, 397 U.S. at 749.

The record discloses no arguable basis for withdrawing Polzin's pleas. In accordance with Wisconsin procedure, Polzin executed a plea questionnaire and a waiver of rights form in which he acknowledged the elements of the offenses, the penalties that could be imposed, and the constitutional rights he was waiving. *See State v. Bangert*, 131 Wis. 2d 246, 266–72 (1986). At the plea hearing, the circuit court confirmed that Polzin's medications were not interfering with his understanding of the proceedings and that he understood the court was not bound by the plea agreement. Furthermore, the Wisconsin Court of Appeal's independent review of the record confirmed Polzin had no basis to challenge whether his pleas were knowingly, voluntarily, and

6

intelligently entered. (ECF 1-1.) I therefore find no merit in Polzin's claim that he did not understand the plea agreement.

**7) Seventh Ground for Relief – Ineffective Assistance of Counsel; Eighth Ground for Relief - Ineffective Assistance of Counsel**

Petitioner maintains his trial attorney failed to notify him of certain rights he was giving up, "failed to formally object to the state's alleged investigation into Polzin's child abuse", failed to object to the "false facts and false circumstantial evidence" presented, and failed to object to "the constitutional violations that occurred at sentencing and preserve them for review." (Pet. at 9c.) Petitioner also asserts in his eighth claim that his appellate counsel refused to raise any issues concerning the special prosecutor's investigation or the "constitutional violations and illegal actions of the state." Petitioner further alleges that his appellate attorney refused to address "the defective transcript issue when brought to her attention." (Pet. at 9c.)

Ineffective assistance of counsel is clearly a constitutional ground for habeas relief under *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, the petitioner must prove two elements: (1) objectively unreasonable assistance and (2) substantial risk of prejudice. *Brown v. Finnan*, 598 F.3d 416, 419 (7th Cir. 2010). Courts reviewing habeas petitions need not address these two prongs in any particular order or even address both if the defendant makes an inadequate showing as to one. *Strickland*, at 466 U.S. at 697. In order to overturn his presumptively valid state court conviction in federal court, Polzin must prove the Wisconsin courts resolved his ineffective assistance challenges in a manner that is contrary to, or involves an unreasonable application of, the principles of *Strickland v. Washington*. *See Bell v. Cone*, 535 U.S. 685, 693–94 (2002). Polzin

must prove the resolution of his *Strickland* challenge was both incorrect and unreasonable. *Id.* at 698–99. On federal habeas review, the state court's findings of fact and credibility determinations underlying its conclusion that counsel was not ineffective are presumed correct and Polzin bears the burden of proving by clear and convincing evidence that they are clearly erroneous. 28 U.S.C. § 2254(e)(1); *Conner v. McBride*, 375 F.3d 643, 649 (7th Cir. 2004).

Polzin cannot overcome the strong presumption that trial counsel made sound strategic decisions and performed in a reasonably competent manner. As the Wisconsin Court of Appeals discussed, the record discloses no arguable basis for challenging the effectiveness of Polzin's counsel. Trial counsel's failure to pursue the meritless claims Polzin has raised does not constitute deficient performance. *State v. Wheat*, 256 Wis. 2d 270 (2002). Furthermore, Polzin has not demonstrated with reasonable probability that but for his counsel's alleged errors, the outcome of his case would have been different; in other words, even if the court accepts Polzin's assertions with respect to the attorney's deficiencies, he has not demonstrated or even suggested that but for these errors, his case would have been resolved in a different, more favorable fashion.

**8) Ninth Ground for Relief – Equal Protection Violation**

Petitioner alleges a Fourteenth Amendment violation on the grounds that he was denied a complete transcript of the sentencing hearing and access to the court reporter notes. (Pet. at 9d.) The Wisconsin Court of Appeals would not address the merits of this assertion because Polzin had not raised this issue at the lower level (and had instead framed it differently, as omissions and defects in the transcript.) Because Polzin did not exhaust this claim at the state court level, I will not address it, in compliance with the exhaustion requirement of § 2254.

8

**9) Tenth Ground for Relief – Equal Protection Violation**

Tenth, Petitioner says the court denied him counsel during a July 24, 2007 telephone hearing regarding his own motion to compel discovery from the state concerning its investigation into his childhood abuse, even though he had appellate counsel. Petitioner alleges this denial violates his Sixth and Fourteenth Amendment rights to assistance of counsel, due process, and equal protection. (Pet. at 9e.) Habeas petitioners are not entitled to counsel and therefore even if true, the court's alleged denial of counsel at his discovery hearing could not violate Petitioner's right to counsel. This claim is therefore without merit.

**10) Eleventh Ground for Relief – Equal Protection Violation**

Finally, Petitioner argues that the court edited his sentencing transcripts "to conceal" its reaction to the fact that the state "lied about the investigation into Polzin's childhood abuse . . . clearly show[ing] bias by the circuit court judge." (Pet. at 9e.) Petitioner also alleges the court's denial of appellate counsel at the July 24, 2007 hearing discussed above demonstrate bias. Even assuming Polzin is correct that the transcripts have been edited, he fails to demonstrate how these edits would have affected his sentence. Again, as previously discussed, Polzin's childhood abuse was considered as a mitigating factor at sentencing, and thus cannot be the basis for his argument that his equal protection rights were violated or that his sentence would have been lessened in the absence of these edits.

Petitioner has also filed a motion for appointment of counsel pursuant to 18 U.S.C. § 3006A. The Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), authorizes a district court to appoint counsel for a petitioner seeking habeas relief under 28 U.S.C. § 2254. Before this is

proper, however, this section requires the district court to determine that the appointment of counsel would serve "the interests of justice" and that the petitioner is "financially eligible." *See* 18 U.S.C. § 3006A(a)(2). Appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances. *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997).

Here, Petitioner's application for leave to proceed *in forma pauperis* shows he is financially eligible for appointment. The question is whether appointment of counsel would serve the interests of justice. In determining whether the interests of justice will be served by the appointment of counsel in a habeas case, the court considers the difficulty of the case and the petitioner's ability. It is significant in most habeas cases that the issues raised in federal court must first have been raised and fully considered in state court. *See* 28 U.S.C. § 2254(b)(1)(A). This means that typically, assuming he was represented by counsel in state court proceedings, the petitioner will have the benefit of his previous attorney's briefing on the very same issues he seeks to raise in federal court. The one exception may be where, as here, the petitioner is claiming that the attorney or attorneys who represented him in the state court proceedings provided ineffective assistance of counsel.

Nevertheless, I am not convinced that appointment of counsel would serve the interests of justice in this case. Petitioner appears from his filings to date to have greater than average ability to communicate in writing. In addition, I note that review in a habeas case is of the record that already exists. Thus, there is no need for outside investigation of facts and gathering new evidence. Finally, the issues Petitioner has raised in his petition are not so complex that denying his request would result in a miscarriage of justice. While my appraisal of the complexity of the case and

Petitioner's ability may change as the matter proceeds, I cannot say at this time that the interests of justice require the appointment of counsel. Accordingly, Petitioner's motion will be denied. The denial is without prejudice, however. In the event circumstances change, I will reconsider Petitioner's request.

In conclusion, Petitioner's claim based on a *Brady* violation will be allowed to go forth; all other claims asserted will be dismissed. Petitioner's motion with respect to all his non-*Brady* claims is **DENIED**.

**THEREFORE, IT IS ORDERED** that, with respect to Petitioner's claim of a *Brady* violation, within 45 days of the date of this order respondent shall either file an appropriate motion seeking dismissal or answer the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have 45 days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have 45 days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have 30 days following the filing of respondent's opposition brief within which to file a reply brief, if any.

If respondent files a dispositive motion in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will instead be as follows: (1) petitioner shall have 30 days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have 15 days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits. Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, as well as a Memorandum of Understanding entered into between the Wisconsin Department of Justice and the U.S. District Clerk of Court for the Eastern District of Wisconsin, copies of the petition and this order have been sent via a Notice of Electronic Filing ("NEF") to State of Wisconsin respondent(s) through the Attorney General for the State of Wisconsin through the Criminal Appeals Unit Director and lead secretary. The Department of Justice will inform the Court within 21 days from the date of the NEF of the names of the defendants on whose behalf the Department will not accept service of process, the reason for not accepting service for them, and the last known address of the defendant. The Department of Justice will provide the pleadings to those respondents on whose behalf they have agreed to accept service of process.

Petitioner's motion to proceed *in forma pauperis* is **GRANTED**.

**IT IS ALSO ORDERED** that Petitioner's motion for appointment of counsel is hereby **DENIED**, without prejudice.

Dated this   23rd    day of August, 2011.

                                              s/ William C. Griesbach
                                              William C. Griesbach
                                              United States District Judge