UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GERALD POLZIN,

        Petitioner,

v.                                            Case No. 11-C-714

MICHAEL BAENEN,

        Respondent.

ORDER DENYING MOTION FOR RECONSIDERATION

On July 27, 2011, Petitioner Gerald Polzin, who was convicted of four counts of second degree sexual assault of a child and one count of child sexploitation, filed a petition for habeas relief under 28 U.S.C. § 2254, in which he asserted eleven claims of constitutional violations. On August 23, 2011, I dismissed almost all of his claims, allowing him to proceed only on his claim based on a potential *Brady* violation. Polzin filed a motion for reconsideration on the dismissed grounds on September 19, 2011; the motion was denied on September 21, 2011. Polzin then filed another motion for reconsideration, the motion now before me, on November 22, 2011, in which he implores the court to reconsider only ground nine of his petition, in which he "raised the issue of denial of access to the court reporter notes, along with the defective transcript" which he alleges "violated his due process rights and equal protection." (ECF No. 14 at 1.)

A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting

*Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665–66 (N.D .Ill. 1976), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)). Such motions are disfavored and should be "rare." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Polzin's motion for reconsideration contains no new evidence and points to no new controlling law. As stated in the original screening order, the Wisconsin Court of Appeals would not address the merits of this assertion because Polzin had not raised this issue at the lower level. Polzin's only response to this, in his motion for reconsideration, is he requests the Court to "order the State to produce Polzin's § 974.06 motion so he can show the Court that he indeed requested the Court reporter notes, both in his direct appeal and in his § 976.06 proceedings." (ECF No. 14 at 2.) However, this argument misses the point — the state court did not posit that Polzin had failed to make the request but instead that he failed to argue, at the lower level, that the alleged refusal to provide him with the court reporter notes was a constitutional violation. In other words, Polzin's motion for reconsideration does not address the exhaustion issue anew and thus provides no new facts or law.

Instead, the motion for reconsideration reargues many of the points Polzin made in his initial habeas petition and previous motion for reconsideration (that the denial of access to court reporter notes was in violation of due process and equal protection). A motion for reconsideration will not be granted where, as here, Petitioner simply reargues points that he made in his petition. This Court considered, and rejected, Polzin's arguments. Motions for reconsideration are not intended to be an

occasion to reargue or relitigate the original motion. *See Keene*, 561 F. Supp. at 666. In other words, a motion for reconsideration is not a second shot at success by a disappointed litigant.

This Court carefully considered each of the arguments advanced in Polzin's habeas petition and denied the petition because the state court decisions adjudicating his claims reasonably applied clearly established federal law and reasonably determined the facts in light of the evidence. Polzin's motion for reconsideration, likewise, must be denied because it advances no newly discovered evidence and no manifest error of law or fact.

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration, Docket 14, is **DENIED**.

Dated this   12th   day of January, 2012.

                                                     s/ William C. Griesbach
                                                     William C. Griesbach
                                                     United States District Judge